UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| KEVIN PAWLIK | CIVIL ACTION NO. 09-1860 |
|     FED. REG. NO. 10028-023 | |
| VS. | SECTION P |
| | JUDGE MINALDI |
| WARDEN JOSEPH P. YOUNG | MAGISTRATE JUDGE KAY |

REPORT AND RECOMMENDATION

On October 26, 2009, *pro se* petitioner , Kevin Pawlik, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241.  Petitioner is an inmate in the custody of the Federal Bureau of Prison (BOP) and he is incarcerated at the Federal Corrections Institute (FCI) Oakdale, Louisiana.  Petitioner asks the court to direct the BOP to "correct and/or remove erroneous information in [his] personal bureau of Prison file..." which he claims has resulted in the imposition of an unfounded "Sex Offender Public Safety Factor."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

In  2002, following trial in the United States District Court for the District of Idaho, petitioner was convicted of conspiracy to distribute MDMA (Ecstasy) and LSD, distribution of a controlled substance to a person under age 21, and use of a firearm in relation to a drug

1

trafficking crime.  He was sentenced to serve 205 months in custody.

According to petitioner, prior to the imposition of sentence, a Pre Sentence Report (PSR) was prepared and presented to him for review.  Petitioner asserts that he timely objected to several references and statements contained in the PSR which alleged that petitioner was "sexually involved with underage, teenage girls and that Petitioner purportedly waved a gun at one of them . . . ."  Doc. 1, Att. 2, p. 4.  However, it appears that the sentencing court rejected petitioner's objection and accepted and relied upon the PSR as written.  Nevertheless, petitioner asserts that the accusations contained in the PSR are false and that those false accusations have been adopted and relied upon by the BOP in their determination that petitioner should be classified as a "sex offender."

On September 8, 2008, petitioner submitted a Request for Administrative Remedy (BP-9) to the Warden.  In that grievance, petitioner demanded that ". . . BOP employees correct erroneous information in my personal file that is incorrect, prejudicial as it results in a public safety factor ('PSF') being unfairly imposed . . . ."  Doc. 1, p. 13.  In particular, petitioner demanded that information suggesting that he was personally involved with minor girls; that he is a danger to society because the young women were "incapable of granting consent due to use of drugs'; and, that he pointed a gun at a young teenage girl be eliminated from his BOP file.  *Id.* In support of his assertion that these claims were false, he provided excerpts from the trial transcripts which purportedly refuted those findings. Doc. 1, pp. 10-12.

On October 1, 2008, petitioner's grievance was rejected by Warden Young who noted,

The [BOP] relies on the information provided by the sentencing court, in the form of the Presentence Report, when applying a PSF. The PSR is viewed as a factual document, and as a result, all information contained in the report is considered

when initial security designations are completed. . . . Information contained in your PSR indicates it was not uncommon for you to provide young girls with ecstasy so you could have sex with them. It further states you provided ecstasy to your 16 year old girlfriend on three occasions and on one of those occasions you engaged in sexual intercourse. Your were believed to be between 25 and 27 years of age at the time. Based on this information the PSF of Sex Offender was applied. Other information contained in your PSR indicates you pointed a rifle at an individual and told that person if you found out he/she was a 'snitch', you would do grievous bodily harm to him/her. This information warrants the application of a Greatest Severity PSF. An addendum to the Presentence Report indicates you objected to the aforementioned information being included in your PSR because it was speculative hearsay. However, that information remained unrevised following a review by the Probation Officer. It should also be noted that the Greatest Severity PSF was applied based on your leader/organizer role in the current offense, and the fact that you were held responsible for the equivalent of 2,747.73 KG of Marijuana.

If you wish to challenge the accuracy of the information contained in your PSR, you will need to provide unit staff with sufficient information in support of the challenge. The documents you attached to this administrative remedy are not deemed sufficient, as they are only excerpt[s] from what appears to be a trial transcript. Staff would need to review the entire trial transcript in order to accurately assess the validity of your challenge.

If you have additional information which would support your challenge, please provide it to your unit team so appropriate action can be taken on your behalf. Once you have provided sufficient information, unit staff will inform the appropriate United States Probation Office in writing of the disputed information, and request a written response be provided.

Doc. 1, pp. 15-16 (emphasis added).

Petitioner appealed this decision to the Regional Administrator on October 9, 2008, and to the Central Office on December 30, 2008.  Doc. 1, pp. 17-18, 21-22.  Both appeals were rejected finding insufficient information to remove or alter the sex offender public safety factor. Doc. 1, pp. 19-20, 23.

Petitioner then filed the instant petition.

*Law and Analysis*

**1.      *Habeas or Civil Rights***

Petitioner seeks *habeas corpus* relief pursuant to 28 U.S.C. §2241 which provides  that a writ of *habeas corpus* is available only if the prisoner demonstrates that he is ". . . in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2241(c) (3).

Petitioner argues that the BOP has erroneously classified him as a "sex offender" and this has resulted in a Public Safety Factor being unfairly imposed on him.  He asks the court to direct the BOP to "correct and/or remove erroneous information in [his] personal [BOP] file . . . ."

Petitioner can utilize *habeas corpus* proceedings only if he is challenging the <u>fact or duration of his confinement</u>.  *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.,2d 439 (1973); see also *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987).   Here, petitioner does not appear to attack the <u>duration</u> of his confinement, but rather, the <u>conditions</u> of his confinement based upon his prisoner classification.

Attacks on conditions of confinement are not cognizable in a *habeas* petition. See *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir.1994) ("The core issue in determining whether a prisoner must pursue *habeas corpus* relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement  or  merely  the  rules,  customs,  and  procedures  affecting  'conditions'  of confinement.").  Put another way, if "a favorable determination … would not automatically entitle [the prisoner] to accelerated release" he may not utilize *habeas corpus* procedures and must instead vindicate his rights through a properly filed civil rights proceeding. *Carson v.*

*Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997), quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996). Petitioner's claim herein which attacks his prisoner classification appears to contest the conditions under which he is confined rather than the fact or duration of his confinement.  Since petitioner has not alleged that success in this proceeding would entitle him to accelerated release, he is not entitled to relief pursuant to 28 U.S.C. §2241.

Since petitioner's prisoner classification, in itself, has apparently had no effect on the duration of his confinement he is not entitled to *habeas* relief.  Compare *Dixon v. Hastings*, 202 Fed. Appx. 750 (5th Cir. 2006)(unpublished).   Instead, a civil rights action[1] may be the appropriate vehicle to attack these allegedly unconstitutional conditions of confinement. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir.1987); *Preiser*, 411 U.S. at 498, 93 S.Ct. at 1840-41.

## 2.    *Liberty Interest*

Even if petitioner could somehow show that he would be entitled to a speedier release from custody should he prevail on this claim, he is still not entitled to *habeas* relief unless and until he demonstrates that his custody violates the Constitution or laws of the United States.

The BOP's classification procedures are within the discretion of the Attorney General as delegated to the Director of the BOP. See 18 U.S.C. § 4081; 28 C.F.R. § 0.96; see also *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).  Inmates generally have no due process liberty interest in their prisoner classification. See e.g. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) ("Congress has given federal prison officials

---

[1] Since petitioner complains about the deprivation of rights at the hands of federal and not state actors, his cause of action would be authorized by *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process."); *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (due process does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner, but rather those changes that impose atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life); *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976)).   In other words, a BOP inmate lacks any constitutional interest in his custodial classification, and his disagreement with his classification is insufficient to establish that his custody violates the Constitution.  *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir.1992).

Petitioner has not shown through his petition or exhibits, any Constitutional or federal statutory violation with respect to the BOP's reliance upon the information contained in his PSR and their classification of him as a sex offender public safety factor or otherwise.  The burden of persuasion is upon petitioner to provide information to support his claim.  Petitioner has not carried his burden of establishing that his custody is in violation of the Constitution and laws of the United States. Therefore,

**IT IS RECOMMENDED** that the petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of

any objections or response to the District judge at the time of filing.

   **Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

   Signed in Chambers, Lake Charles, Louisiana, this 19th day of May, 2010.

             _____
               KATHLEEN KAY
          UNITED STATES MAGISTRATE JUDGE